BARTLEY, Judge,
concurring:
While I agree that the Board decision contains reasons-or-bases deficiencies, I write separately to express the belief that as a practical matter where there are multiple compensable service-connected disabilities, especially affecting different body systems, expert opinion on the overall functional impairment, including occupational impairment, caused by the combination of service-connected disabilities will be necessary for an adequately reasoned decision as to TDIU entitlement. See 38 C.F.R. § 4.10 (2013) (medical examiner has the responsibility of furnishing a full description of the effects of disability upon the person’s ordinary activity, including work).
VA endorsed this practice of providing a comprehensive examination in a training letter and in the VA Adjudication Procedures Manual Rewrite (M21-1MR) well before Mr. Floore’s 2012 Board decision, and regardless whether those VA authorities are binding directives or mere guidance, ante at 380, I am persuaded that they should have been heeded in Mr. Floore’s case and should be adhered to in other TDIU cases, possibly removing the need for such appeals and hastening resolution of claims. See VA Training Letter 10-07 at 6-7 (Sept. 14, 1010) (a single “general medical examination ... is to be scheduled” when a request for TDIU is expressly raised by the veteran or reasonably raised by the evidence of record and “the examiner should be requested to provide an opinion as to whether or not the Veteran’s service-connected disability(ies) render him or her unable to secure and maintain substantially gainful employment, to include describing the disabilities’ functional impairment and how that impairment impacts on physical and sedentary employment”); M21-1MR, pt. I, ch. I.C.7.C. (Mar. 28, 2011) (“Requesting a Medical Examination or Opinion”).
While my colleagues find that another VA issuance, VA Fast Letter 13-13, “read as a whole ... leaves it to the rating activity to determine the need for a medical examination report or opinion,” ante at 381, the letter expressly cites TDIU cases involving the impact of multiple service-connected disabilities as a prime example of a situation in which a comprehensive general examination and opinion as to em-ployability will be necessary. VA Fast Letter 13-13 at 5 (June 17, 2013) (“Schedule a general medical examination only if the rating activity determines that it is needed to fairly and fully adjudicate the TDIU claim, such as original claims for disability compensation or TDIU claims involving the impact of multiple service- *385 connected and/or nonservice-connected disabilities upon employability.” (emphasis added)). To read the provision as allowing VA to decline to obtain an opinion in such cases negates the sound reasoning underlying VA’s principle.
Mr. Floore has a combined 90% disability evaluation with seven compensable disabilities affecting four different body systems — endocrine, cardiovascular, mus-culoskeletal, and mental. Failing to hold VA to its considered judgment on this matter, that veterans such as Mr. Floore should receive a combined-effects opinion, shortchanges veterans and creates considerable delay and unfair denials in the adjudication of such claims. Veterans such as Mr. Floore generally have little ability to obtain an expert opinion on the combined effect of their disabilities and have no recourse but to. appeal in order to receive an opinion or a grant of TDIU. They enter an appeal system already painfully overcrowded, lengthening the overall period it takes veterans to achieve a final decision. The failure to be absolutely diligent in assisting claimants is shortsighted behavior on VA’s part. In order to resolve this complex case without years of administrative and judicial appeals, VA would have been better counseled to follow its own articulated practice and provide Mr. Floore with an adequate expert opinion as to the combined effect of his varied and multiple disabilities on his overall ability to secure or follow a substantially gainful occupation.